365

**No. 58392.**—Acrow, Incorporated *v.* United States, protest 179643–K (New York).

Opinion by Ford, J. In accordance with stipulation of counsel that certain items of the merchandise consist of building shores, struts, or props, and parts thereof, the same in all material respects as those involved in Abstract 57727, the claim of the plaintiff was sustained.

**No. 58393.**—Acrow, Incorporated *v.* United States, protest 188741–K (New York).

Opinion by Ford, J. In accordance with stipulation of counsel that certain items of the merchandise consist of building shores, struts, or props, and parts thereof, the same in all material respects as those involved in Abstract 57727, the claim of the plaintiff was sustained.

**No. 58394.**—I. J. Nethe & Co. et al. *v.* United States, protests 188955–K, etc. (New York).

Opinion by Ford, J. In accordance with stipulation of counsel that the merchandise consists of veils similar in all material respects to those the subject of Abstract 57645, the claim of the plaintiffs was sustained.

**No. 58395.**—I. J. Nethe & Co. *v.* United States, protests 193642–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of veils similar in all material respects to those the subject of Abstract 57645, the claim of the plaintiff was sustained.

SEPTEMBER 13, 1954

**No. 58396.**—SUIT 4787.—R. J. Saunders & Co., Inc. (Perry H. Chipurnoi, Inc.) *v.* United States.——A. R. D. 25 reversed June 24, 1954. C. A. D. 570.

BEFORE THE FIRST DIVISION, SEPTEMBER 23, 1954

**No. 58397.**—Nichols & Company, Inc. *v.* United States, protests 187239–K, etc. (Providence).

Opinion by OLIVER, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content under T. D. 53159" in schedule "A," attached to and made a part of the decision in this case.

BEFORE THE SECOND DIVISION, SEPTEMBER 23, 1954

**No. 58398.**—A. Tanzi Engineering Co. and Schneider Bros. & Co., Inc. *v.* United States, protests 178112–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the machines consist of noodle-making machines similar in all material respects to those the subject of *A. Tanzi Engineering Co.* and *Schneider Bros. & Co., Inc.* v. *United States* (30 Cust. Ct. 4, C. D. 1490), the claim of the plaintiffs was sustained.